UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P179-S

**DAVID MICHAEL ROSE**                                                                                   **PLAINTIFF**

**v.**

**LELAND HULBERT**                                                                                         **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff David Michael Rose filed a *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

### I.

Plaintiff is an inmate at the Blackburn Correctional Complex. He sues Leland Hulbert, an Assistant Commonwealth's Attorney, in his individual capacity. Plaintiff reports that he was the owner of a news media company called the "Metro Messenger," located in Louisville, Kentucky. He states that Defendant "slandered the plaintiff when he began to harass plaintiff as well as employees that worked for the plaintiff, in bringing criminal charges against plaintiff for t/b/d u/$10,000, which in fact resulted in being a civil matter." He avers that the matter was "resolved by plaintiff, with the other business involved, outside of the courts jurisdiction."

Plaintiff further states that he "was presently on probation for a different offense, that had nothing to do with this instant action." He states as follows:

> The defendant slandered the plaintiff by contacting business
> associates connected to plaintiffs business . . . and defendant also
> contacted plaintiffs fiancee (Alysa Green) stating non-factual
> events as well as fictitious occurences in order to retain witnesses

>during a revocation hearing surrounding the future of plaintiffs current probation.

Plaintiff avers that Defendant "propositioned" Green, who was his fiancee and business partner, "to conspire with him to send plaintiff to prison, because he felt that I was a two bit con artist." He states that Defendant "made it quite clear that if she failed to cooperate, she would be forced against her will to testify." Plaintiff states that Defendant also "propositioned" two other employees. Plaintiff was not able to retain an attorney because "they did not want to jeoperdize their relationship with the Commonwealth." Plaintiff further states, "The Defendant slandered the plaintiff when he contacted business associates and critisized the plaintiff. Telling them false information in order to obtain witnesses to testify against plaintiff." Plaintiff states that he lost wages, that he lost "the relationship he shared with his fiancee and other business partners[,]" and that his business closed. He also states that, "due to mental breakdown due to this action, Plaintiff absconded his current probation."

Plaintiff alleges that Defendant violated his rights under the 4th, 5th, 8th, and 14th Amendments to the United States Constitution and Sections 2, 7, and 11 of the Kentucky Constitution. As relief, he seeks monetary and punitive damages and other relief.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss it if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

A prosecutor enjoys absolute immunity from § 1983 liability when he acts as an advocate for the government by engaging in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). To determine when a prosecutor is acting within the scope of his prosecutorial duties, the Court employs a "functional approach." *Burns v. Reed*, 500 U.S. 478, 486 (1991). "[T]he critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the

criminal process." *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997) (citing *Pusey v. City of Youngstown*, 11 F.3d at 652).

Under this functional approach, absolute immunity "applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003). However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) (citing *Burns*, 500 U.S. at 494-96). For example, "absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application." *Van De Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations omitted).

The actions of the prosecutor in the instant action relate to his role as an advocate. Based on Plaintiff's statements in the complaint, Defendant harassed him and his employees "in bringing criminal charges" against him. Plaintiff also states that Defendant slandered him "in order to retain witnesses during a revocation hearing surrounding the future of plaintiff[']s current probation." Further, Plaintiff alleges the Defendant told his business associates "false information in order to obtain witnesses to testify against Plaintiff." The actions of bringing charges and retaining witnesses for a parole revocation hearing are taken in a prosecutor's role as an advocate and within the scope of his prosecutorial duties. *See Burns*, 500 U.S. at 487-86

(prosecutor found to be immune from suit for allegedly soliciting false testimony from witnesses and participating in a probable cause hearing that led to the issuance of a search warrant); *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutors found to be immune from claims alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury). Therefore, Defendant is entitled to absolute immunity for these actions, and Plaintiff's complaint will be dismissed.

To the extent that Plaintiff challenges the validity of his confinement, he may wish to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The **Clerk of Court is DIRECTED** to send Plaintiff a blank form for filing a § 2254 petition should he wish to file such an action. The Court notes that Plaintiff must exhaust all available state remedies or demonstrate their inadequacies before a federal court may grant habeas corpus relief. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

The Court will enter a separate Order dismissing the action.

Date:   July 27, 2012

Charles R. Simpson III, Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendant
4411.010

---

[1] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.